# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 17, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**SWVA, INCORPORATED,**
**Employer Below, Petitioner**

**vs.)    No. 11-1434**  (BOR Appeal No. 2045659)
                         (Claim No. 2009091479)

**CHUCK RUTHERFORD,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner SWVA, Incorporated, by H. Toney Stroud, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated September 14, 2011, in which the Board affirmed a February 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 19, 2010, decision denying Mr. Rutherford's request to add bilateral cubital and carpal tunnel syndrome as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rutherford filed an application for workers' compensation benefits alleging that he suffers from bilateral cubital and carpal tunnel syndrome as a result of his employment. In its Order reversing the claims administrator's May 19, 2010, decision, the Office of Judges held that Mr. Rutherford developed cubital and carpal tunnel syndrome in the course of and as a result of his employment. SWVA, Incorporated disputes this finding and asserts that the evidence of record demonstrates that Mr. Rutherford's cubital and carpal tunnel syndrome was not caused by his employment. In particular, SWVA points to the opinion of Dr. Hennessey, who stated that

1

Mr. Rutherford's cubital and carpal tunnel syndrome is not work-related because his symptoms persisted and progressed in the absence of employment.

The Office of Judges found that Mr. Rutherford's deposition testimony established that his work duties are compatible with the development of carpal tunnel syndrome within the meaning of West Virginia Code of State Rules § 85-20-41.5 (2006), which details occupational groups at high risk for the development of carpal tunnel syndrome. The Office of Judges further found that Mr. Rutherford worked as a tab and punch operator, and that his employment duties involved intricate work with his hands requiring awkward wrist positioning, significant grip force, high force repetitive manual movements, and involved the use of vibratory tools. Finally, the Office of Judges found that Mr. Rutherford has proven that he was exposed to the occupational hazards of developing cubital and carpal tunnel syndrome. The Board of Review reached the same reasoned conclusions in its decision of September 14, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 17, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin